# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA



FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

12 JUL 24 AM 11: 03

OFFICE OF THE CLERK

---

**Robert Oliver Fowler,**   Case No.: 8:12cv252

Plaintiff

v.

**Triage Staffing Inc.,**

Defendant

---

## COMPLAINT

---

### PARTIES

1. Robert Fowler is an individual domiciled at Seabrook, New Hampshire.

2. Triage Staffing, Inc. is a corporation with a principal place of business at 11133 O Street, Omaha, NE 68137.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction to hear the Complaint pursuant to 28 U.S.C. § 1332(a)(1).

4. Venue of this action lies in the District of Nebraska pursuant to 28 U.S.C. § 1391(a)(1).

### FACTUAL BASIS FOR CLAIMS

5. The Defendant, Triage Staffing Inc. (hereinafter "Triage"), employs and places health care workers known as "travelers." Triage hires these "travelers" and places them to work at hospitals around the United States on a contract basis for short durations of time, often approximately 13 weeks. Such "travelers" often provide short-term staffing assistance to hospitals that Triage contracts with.

6. Upon information and belief, Triage hired one David Kwiatkowski as a traveling cardiac catheterization laboratory technician and, in March 2011, placed Mr. Kwiatkowski at Exeter Hospital in Exeter, New Hampshire.

7. In or about March 2011, after Triage place Mr. Kwiatkowski at Exeter Hospital, Mr. Fowler underwent a cardiac catheterization at Exeter Hospital and was exposed to hepatitis C by Mr. Kwiatkowski.

8. Upon information and belief, prior to arriving at Exeter Hospital, staff members at some of the hospitals where Mr. Kwiatkowski had previously worked reported that Mr. Kwiatkowski often told stories about himself that later proved to be false. For example, Mr. Kwiatkowski frequently claimed that:

   a. he played baseball at the University of Michigan;

   b. his fiancée had died under tragic circumstances; and

   c. he suffered from cancer.

9. Upon information and belief, prior to coming to Exeter Hospital, Mr. Kwiatkowski was terminated by another hospital for falsifying information on a timesheet.

10. Upon information and belief, prior to coming to Exeter Hospital, on at least two occasions, needles were found in a restroom outside the cardiac catheterization laboratory at a hospital where Mr. Kwiatkowski worked. After Mr. Kwiatkowski left that hospital, no further such incidents occurred.

11. Upon information and belief, prior to coming to Exeter Hospital, Mr. Kwiatkowski was involved in a drug diversion incident when he worked as a contract employee in 2008:

    a. A hospital employee observed Mr. Kwiatkowski enter an operating room, lift his shirt, put a syringe in his pants, move his arms quickly near a medication cart, and exit the room. A subsequent review of the narcotics in the room showed that a syringe containing Fentanyl, a potent opioid narcotic with a high abuse potential, was missing and that it had been replaced by a syringe containing a different liquid (which was later found not to be Fentanyl).

    b. Mr. Kwiatkowski was acting erratically and was sweating.

    c. Mr. Kwiatkowski agreed to be searched shortly after the discovery and three empty syringes bearing Fentanyl labels were found on his person. An empty morphine sulfate syringe and a needle were later found in his locker.

    d. A drug test found Fentanyl and other opiates in Mr. Kwiatkowski's system.

12. Upon information and belief, Mr. Kwiatkowski tested positive for hepatitis C in June 2010.

13. Hepatitis C is a blood-borne viral disease that is primarily transmitted by exposure to infected blood. Left untreated, hepatitis C causes inflammation of the liver and can lead to cirrhosis and/or liver cancer.

2

14. Upon information and belief, in October 2011, after Mr. Kwiatkowski had been working in its cardiac catheterization laboratory for six months, Exeter Hospital hired Mr. Kwiatkowski as a full time cardiac catheterization laboratory technician.

15. Upon information and belief, in or about May 2012, medical staff at Exeter Hospital learned that several patients had tested positive for hepatitis C. Further investigation revealed that all of these patients had undergone recent procedures in Exeter Hospital's cardiac catheterization laboratory.

16. Upon information and belief, in June 2012, Mr. Kwiatkowski fled the state of New Hampshire and was subsequently admitted to a psychiatric hospital in Massachusetts.

17. In or about June 2012, Mr. Fowler was notified that he was hepatitis C positive with a strain of hepatitis C identical to the strain infecting Mr. Kwiatkowski.

18. As of July 13, 2012, the New Hampshire Department of Health and Human Services has announced that 32 people, including Mr. Kwiatkowski and Mr. Fowler, associated with the Exeter Hospital cardiac catheterization laboratory have tested positive for hepatitis C.

19. Upon information and belief, on July 19, 2012, the United States District Court for the District of New Hampshire issued a warrant for Mr. Kwiatkowski's arrest. The warrant lists the following offenses:

    a. violation of 21 U.S.C. 843(a)(3), acquiring a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge;

    b. violation of 18 U.S.C. 1365(a)(3), tampering with a consumer product and the container for such product that affected interstate and foreign commerce with reckless disregard for the risk that another person will be placed in danger of death or bodily injury and under circumstances manifesting extreme indifference to such risk, resulting in serious bodily Injury to another individual

## COUNT ONE – NEGLIGENT HIRING

20. The Plaintiff, Robert Fowler, repeats and re-alleges each of the allegations contained in paragraphs 1 through 19 as if fully set forth herein.

21. Triage owed a duty of care to Mr. Fowler to protect him against harm from its employee, Mr. Kwiatkowski. Triage is responsible for protecting members of the public, including Mr. Fowler, that Mr. Kwiatkowski would be expected to encounter.

22. Triage failed to exercise reasonable care when it hired Mr. Kwiatkowski in view of all of the circumstances surrounding the job Mr. Kwiatkowski was to perform at Exeter Hospital. Triage failed to exercise the degree of care required related to the severity of risk to Mr. Fowler.

23. Triage knew or should have known of Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler when it hired Mr. Kwiatkowski. Triage failed to conduct a reasonable investigation that could have found Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler.

24. Triage's breach of its duty was the proximate cause of Mr. Fowler's injuries.

## COUNT TWO – NEGLIGENT RETENTION

25. The Plaintiff, Robert Fowler, repeats and re-alleges each of the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Triage owed a duty of care to Mr. Fowler to protect him against harm from its employee, Mr. Kwiatkowski. Triage is responsible for protecting members of the public, including Mr. Fowler, that Mr. Kwiatkowski would be expected to encounter.

27. Triage failed to exercise reasonable care in view of all of the circumstances surrounding the job Mr. Kwiatkowski was to perform at Exeter Hospital. Triage failed to exercise the degree of care required related to the severity of risk to Mr. Fowler.

28. Triage knew or should have known of Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler when it retained Mr. Kwiatkowski. Triage failed to conduct a reasonable investigation that could have found Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler.

29. Triage's breach of its duty was the proximate cause of Mr. Fowler's injuries.

## COUNT THREE – NEGLIGENT SUPERVISION

30. The Plaintiff, Robert Fowler, repeats and re-alleges each of the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Triage owed a duty of care to Mr. Fowler to protect him against harm from its employee, Mr. Kwiatkowski. Triage is responsible for protecting members of the public, including Mr. Fowler, that Mr. Kwiatkowski would be expected to encounter.

32. Triage failed to exercise reasonable care in view of all of the circumstances surrounding the job Mr. Kwiatkowski was to perform at Exeter Hospital. Triage failed to exercise the degree of care required related to the severity of risk to Mr. Fowler.

33. Triage knew or should have known of Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler when it supervised Mr. Kwiatkowski. Triage failed to conduct a reasonable investigation that could have found Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler.

34. Triage's breach of its duty was the proximate cause of Mr. Fowler's injuries.

## COUNT FOUR – NEGLIGENT ENTRUSTMENT

35. The Plaintiff, Robert Fowler, repeats and re-alleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Triage owed a duty of care to Mr. Fowler to protect him against harm from its employee, Mr. Kwiatkowski. Triage is responsible for protecting members of the public, including Mr. Fowler, that Mr. Kwiatkowski would be expected to encounter.

37. Triage failed to exercise reasonable care in view of all of the circumstances surrounding the job Mr. Kwiatkowski was to perform at Exeter Hospital. Triage failed to exercise the degree of care required related to the severity of risk to Mr. Fowler.

38. Triage knew or should have known of Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler when it entrusted Mr. Kwiatkowski. Triage failed to conduct a reasonable investigation that could have found Mr. Kwiatkowski's likelihood of causing harm to Mr. Fowler.

39. Triage's breach of its duty was the proximate cause of Mr. Fowler's injuries.

## COUNT FIVE - INTENTIONAL MISREPRESENTATION

40. The Plaintiff, Robert Fowler, repeats and re-alleges each of the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Triage made intentional misrepresentations concerning Mr. Kwiatkowski's qualifications and employment record.

42. Such misrepresentations allowed Mr. Kwiatkowski to pose a danger to patients, including Mr. Fowler, who were treated in Exeter Hospital's cardiac catheterization laboratory during all relevant times.

43. As a result of Triage's misrepresentations, Mr. Fowler suffered injuries.

## DEMANDS FOR RELIEF

44. The plaintiff, Robert Fowler, prays for a judgment in his favor, awarding him damages, including compensatory and punitive damages, interest, costs, expenses and attorneys' fees incurred in prosecuting this action, as well as pre-judgment and post-judgment interest, in an amount to be determined at trial as to Count One.

45. The plaintiff, Robert Fowler, prays for a judgment in his favor, awarding him damages, including compensatory and punitive damages, interest, costs, expenses and attorneys' fees incurred in prosecuting this action, as well as pre-judgment and post-judgment interest, in an amount to be determined at trial as to Count Two.

46. The plaintiff, Robert Fowler, prays for a judgment in his favor, awarding him damages, including compensatory and punitive damages, interest, costs, expenses and attorneys' fees incurred in prosecuting this action, as well as pre-judgment and post-judgment interest, in an amount to be determined at trial as to Count Three.

47. The plaintiff, Robert Fowler, prays for a judgment in his favor, awarding him damages, including compensatory and punitive damages, interest, costs, expenses and attorneys' fees incurred in prosecuting this action, as well as pre-judgment and post-judgment interest, in an amount to be determined at trial as to Count Four.

48. The plaintiff, Robert Fowler, prays for a judgment in his favor, awarding him damages, including compensatory and punitive damages, interest, costs, expenses and attorneys' fees incurred in prosecuting this action, as well as pre-judgment and post-judgment interest, in an amount to be determined at trial as to Count Five.

## JURY CLAIM

The plaintiff claims a trial by jury.

Respectfully submitted,
Robert Fowler,
By his attorney,

/s/ Domenic Paolini

Domenic Paolini
BBO # 643215
**PAOLINI & HALEY PC**
28 State Street, 37th Floor
Boston, MA 02109-1775
(617) 951-0300
dpaolini@paoliniandhaley.com

Dated: July 23, 2012